415 So.2d 721 (1982)
John W. LeDUC, Appellant,
v.
STATE of Florida, Appellee.
No. 60531.
Supreme Court of Florida.
June 10, 1982.
John H. Hall, Steven Klugman, Mitchell A. Karlan, Debevoise & Plimpton, New York City, Mary Charlotte McCall, Davis, Kiesling & McCall, Harry L. Witte, Tallahassee, and Jack Behr, Public Defender, Pensacola, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
ALDERMAN, Justice.
LeDuc appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion on the basis that the trial court erred in not granting him an evidentiary hearing because, he alleges, the motions, files, and record in his case do not conclusively show that he is entitled to no relief. We agree insofar as LeDuc's allegations pertaining to the voluntariness of his guilty plea and ineffective assistance of counsel. Both of these grounds are appropriate bases for collateral attack. Knight v. State, 394 So.2d 997 (Fla. 1981); Robinson v. State, 373 So.2d 898 (Fla. 1979).
LeDuc pleaded guilty to the rape and murder of a nine-year-old girl. The sentencing jury returned an advisory sentence of death, and he was sentenced to death by the trial court. While his direct appeal was pending here, we relinquished jurisdiction to the trial court to enter written findings of fact in support of his sentence and later relinquished jurisdiction to the trial court with directions to consider a psychiatric report of LeDuc prepared by the Devereux school. The trial court reaffirmed its denial of LeDuc's motion for certification as a mentally disordered sex offender and reaffirmed its imposition of the death penalty. We affirmed the convictions and death sentence. LeDuc v. State, 365 So.2d 149 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 175, 62 L.Ed.2d 114 (1979).
*722 Thereafter, on November 17, 1980, LeDuc filed a Rule 3.850 motion in which he alleged that he was denied effective assistance of counsel for several reasons which he enumerated in great detail. LeDuc also contended that his convictions were invalid because they were based upon guilty pleas not knowingly and voluntarily entered into. He alleged, among other things, that his trial counsel coerced him to plead guilty and that his counsel failed to accurately relate to LeDuc the actual terms of the plea bargain and threatened to leave him without counsel on the day of trial if he did not agree to plead guilty. These claims are intertwined since the alleged involuntariness of his guilty pleas partially rests on the alleged ineffectiveness of his counsel. In his motion, LeDuc also raised a multitude of additional grounds.
Without holding an evidentiary hearing, the trial court denied the Rule 3.850 motion and found that the allegations did not constitute legal grounds for granting a new trial or release of LeDuc. In support of its order, the trial court attached the transcripts of LeDuc's plea and sentencing proceedings.
We hold that only the claims of ineffective assistance of trial counsel and involuntariness of the guilty pleas warrant an evidentiary hearing. The motion and attached transcripts do not conclusively show that LeDuc is entitled to no relief, and therefore an evidentiary hearing is required by Florida Rule of Criminal Procedure 3.850, which provides in pertinent part:
If the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the order. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.
In evaluating LeDuc's claim that his pleas were involuntary, the trial court should follow our decision in Robinson v. State, wherein we explained the different standards to be applied where a guilty plea is withdrawn prior to sentence and where a guilty plea is challenged after sentence. We explained that after a sentence is imposed, the burden is on the defendant to prove that a manifest injustice has occurred, and we referred to our decision in Williams v. State, 316 So.2d 267 (Fla. 1975), in which we discussed in detail the standards that apply in these two situations. In Williams, we agreed with the American Bar Association Standards of Criminal Justice relating to pleas of guilty[1] requiring that a *723 manifest injustice must be demonstrated by a defendant after sentence is imposed. Before a sentence is imposed, Florida Rule of Criminal Procedure 3.170(f) provides:
(f) Withdrawal of Plea of Guilty. The court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereof, set aside such judgment, and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty.
... .
Thus, when this cause proceeds before the trial court for an evidentiary hearing as to his claim relating to his guilty pleas, LeDuc will have the burden of proving that a manifest injustice has occurred.
In evaluating LeDuc's claim of ineffective assistance of trial counsel, the trial court should follow our decision in Knight v. State wherein we set forth the test for determining whether a defendant has been provided with reasonably effective assistance of counsel. We adopted the following four principles as a standard:
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel. As was explained by Judge Leventhal in DeCoster III [v. United States, 624 F.2d 196 (D.C. Cir.)]: "To be `below average' is not enough, for that is self evidently the case half the time. The standard of shortfall is necessarily subjective, but it cannot be established merely by showing that counsel's acts or omissions deviated from a checklist of standards." 624 F.2d at 215. We recognize that in applying this standard, death penalty cases are different, and consequently the performance of counsel must be judged in light of these circumstances.
Third, defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. In the case of appellate counsel, this means the deficiency must concern an issue which is error affecting the outcome, not simply harmless error. This requirement that a defendant has the burden to show prejudice is the rule in the majority of other jurisdictions.
Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut these assertions by showing beyond a reasonable doubt that there was no prejudice in fact. This opportunity to rebut applies even if a constitutional violation has been established. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); DeCoster III.

394 So.2d at 1001 (footnote omitted).
We acknowledge that LeDuc also challenges the ineffectiveness of appellate counsel, but in view of our present decision to remand for evidentiary hearing, we find it unnecessary to reach this issue at this time. We further find that LeDuc's other allegations are without merit.
Accordingly, the order of the trial court is reversed in part, and this cause is remanded to the trial court to hold an evidentiary *724 hearing on LeDuc's claims of ineffectiveness of trial counsel and the involuntariness of his guilty pleas and then to either grant or deny the requested relief.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] ABA Standards Relating to the Administration of Criminal Justice, Pleas of Guilty, 14-2.1 (1979), which this Court quoted with approval in Williams v. State, 316 So.2d at 273-74, provides in part:

Plea withdrawal.
....
(ii) Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:
(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;
(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;
(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed;
(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement; or
(5) he did not receive the charge or sentence concessions contemplated by the plea agreement concurred in by the court, and he did not affirm the plea after being advised that the court no longer concurred and being called upon to either affirm or withdraw his plea.