GUNTHER, Judge.
We reverse the conviction and sentence and remand for a new trial because we agree with appellant’s contention that the trial court erred in denying his trial counsel’s motion to withdraw. The motion to withdraw was filed by appellant’s counsel after the trial court ruled that Nazon, the public defender’s investigator, could be called by the state as a witness.[1] As grounds for withdrawing, appellant’s counsel asserted he had a conflict of interest, which precluded him from cross-examining Nazon as to the reliability of the photo line up identification of appellant by one of the victims. Appellant’s counsel argued that he had a conflict because Nazon was his investigator and he owed him a duty of loyalty, and, therefore, would be precluded from effectively cross-examining him. The trial court denied the motion to withdraw. The public defender renewed his objections at the time the state called Nazon, and the court overruled the objections. The state proceeded to introduce Nazon’s photo lineup and elicit testimony from Nazon that the victim had identified appellant. The public defender refused to cross-examine Nazon even though he informed the trial court that he had several grounds to impeach Nazon’s testimony, specifically, that the lineup was impermissibly suggestive.
Appellant argues that the trial court erred in refusing to allow the public defender to withdraw from representing appellant based on the public defender’s perceived conflict of interest, and the public defender's resulting inability to adequately represent appellant by failing to cross-examine Nazon about the lineup. The state argues that it was not error to refuse to allow the public defender to withdraw because the public defender did not have an actual conflict of interest.
A public defender should be permitted to withdraw where the public defender determines that the client’s interests are so adverse or hostile that they cannot be represented without conflict of interest. Babb v. Edwards, 412 So.2d 859 (Fla.1982). Furthermore, Rule 4-1.7 states in part:
A lawyer shall not represent a client if the lawyer’s exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer’s responsibilities to another client or to a third person or by the lawyers own interest ... (e.s.).
R.Regulating Fla.Bar 4-1.7(b). The comment to Rule 4-1.7 states in part:
Loyalty to a client is also impaired when a lawyer cannot consider, recommend, or carry out an appropriate cause of action for the client because of the lawyer’s other responsibilities or interest.
R.Regulating Fla.Bar 4-1.7, comment.
We agree with appellant’s contentions that the public defender correctly con- *492 eluded that withdrawal was required where he believed that he could not adequately represent appellant due to his loyalty to his investigator, a third party, and that the denial of the motion to withdraw resulted in the public defender’s lack of cross-examination of Nazon, which was prejudicial to appellant.
We reject the state’s argument that the trial court correctly denied the motion because Nazon and appellant’s interests were neither conflicting nor adverse, therefore there was no actual conflict. The public defender’s argument was that his own interests, not those of Nazon, were adverse to appellant’s interests in that he believed it was in his best interest not to destroy the working relationship he had with his investigator by subjecting him to harsh cross-examination. Obviously, this interest was in conflict with appellant’s interest in having the weaknesses of the photo lineup exposed to the jury.
Based on appellant’s counsel’s perceived conflict between his own interests and appellant’s interests, we conclude that the trial court reversibly erred in denying appellant’s trial counsel’s motion to withdraw.
REVERSED AND REMANDED.
ANSTEAD, J., and GERALD MAGER, Senior Judge, concur.

. The correctness of this ruling is not challenged on appeal.