670 So.2d 1042 (1996)
Brian Eric ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1241.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
Rehearing Denied April 23, 1996.
*1043 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
This is an appeal from the denial of court-appointed counsel's motion to withdraw from representation and defendant's motion to withdraw his guilty plea before sentencing. Because the trial court should have granted defense counsel's motion to withdraw prior to ruling on defendant's motion to withdraw the guilty plea based on an actual conflict between defense counsel and his client, we reverse.
Defendant, a college senior, was charged with first-degree murder with a firearm, attempted first-degree murder with a firearm, armed robbery, armed kidnapping, armed burglary, arson and grand theft. After a jury was selected, defendant executed a petition to enter a plea of guilty on all charges except arson. The prosecution agreed to waive the death penalty and nol prossed the arson count.
Prior to sentencing, defendant's court-appointed defense counsel[1] filed a written motion to withdraw on grounds that the attorney-client relationship was irretrievably broken. However, defense counsel did not request a hearing on the motion to withdraw prior to the date set for sentencing. At the time of sentencing, defense counsel advised the trial court that defendant wished to withdraw his guilty plea on the basis that he was misled or coerced by counsel into entering it. Because defense counsel would be in a position of arguing and testifying against his client, defense counsel requested that the trial court permit him to withdraw and appoint a special public defender for the purpose of arguing the motion to withdraw the plea.
Initially the trial court deferred ruling on the motion to withdraw as counsel, indicating it would sentence defendant and take up the "post conviction issue" later as defense counsel was "obviously not ready to go ahead with that motion to withdraw plea today." Defense counsel, concerned about waiver of his client's rights, moved orally to withdraw defendant's plea. However, he advised the trial court that he did not think it appropriate for him to make the motion due to the specific nature of defendant's allegations, which was why he had not previously filed a motion to withdraw the plea, despite his client's request to do so. Defense counsel again informed the trial court that he thought it best that he withdraw as counsel so that the trial court could appoint a special public defender to handle the motion to withdraw the plea. However, rather than grant this request, the trial court proceeded to conduct an inquiry of defendant as to his reasons for seeking to withdraw his plea.
Based on this inquiry and the prior plea colloquy, the trial court determined that no coercion had taken place and, therefore, no need for defense counsel to testify. Accordingly the trial court denied both defense counsel's motion to withdraw as counsel and defendant's motion to withdraw the plea. The trial court sentenced defendant to life in prison with a mandatory minimum 25-year term before eligibility for parole on the murder charge and a consecutive 25-year prison term on the remaining counts.
There is a spectrum of reasons for a public defender or court-appointed counsel to file a motion to withdraw, with differing responses required by the trial court. At one end of the spectrum, "the public defender certifies to the trial court that the interests of one client are so adverse or hostile to those of another client that the public defender cannot represent the two clients without a conflict of interest." Guzman v. State, *1044 644 So.2d 996, 999 (Fla.1994); Babb v. Edwards, 412 So.2d 859, 860 (Fla.1982); Hope v. State, 654 So.2d 639, 639 (Fla. 4th DCA 1995). In that situation pursuant to section 27.53(3), Florida Statutes (1993), "a trial court must grant separate representation." Guzman, 644 So.2d at 999. The trial court is not permitted to reweigh the facts in determining whether a conflict exists. Id. This court has also held that a trial court reversibly errs in refusing to allow a public defender to withdraw based on counsel's perceived conflict between his client's and his own interests. See Williams v. State, 622 So.2d 490 (Fla. 4th DCA 1993).
At the other end of the spectrum, a "[g]eneral loss of confidence or trust standing alone will not support withdrawal of counsel." Johnston v. State, 497 So.2d 863, 868 (Fla.1986). In cases where dissatisfaction is based on allegations of incompetency, a trial court is obligated to examine the defendant's reasons in support of his motion to discharge counsel and the grounds behind counsel's motion to withdraw. See Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988); Johnston; Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
In this case, we are presented with more than just defendant's dissatisfaction with counsel's handling of his trial. See Weems v. State, 645 So.2d 1098 (Fla. 4th DCA 1994), review denied, 654 So.2d 920 (Fla.1995). While rejecting the notion that trial counsel should be permitted to withdraw merely because a client failed to follow counsel's advice, our supreme court in Johnston observed that:
Significantly, neither appellant nor counsel alleged any conflict of interest and an open line of communication existed throughout the trial.
497 So.2d at 867-68. Although a trial court may not be compelled to grant a defense counsel's motion to withdraw simply because "irreconcilable differences" are alleged, here defendant based the request to withdraw his guilty plea on the assertion that it had been coerced by counsel. This placed trial counsel in an actual conflict of interest with his client on a pending matter.
In addition, one of the reasons advanced by defendant for withdrawal of his plea was his claim that he had been told that two defense witnesses could not be found to testify at trial. Defendant claimed it was not until after his plea that he learned that these witnesses were in fact available. Whether or not this claim would support withdrawal of his plea, the allegation further placed defendant in a direct adversarial relationship with his attorney. See Kirkland v. State, 617 So.2d 781 (Fla. 4th DCA 1993).
Rule 4-1.7(b) of the Rules Regulating the Florida Bar states in part:
A lawyer shall not represent a client if the lawyer's exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interest....
(Emphasis supplied).
The comment to Rule 4-1.7 states in part:
Loyalty to a client is also impaired when a lawyer cannot consider, recommend, or carry out an appropriate cause of action for the client because of the lawyer's other responsibilities or interest.
We have been unable to find a case where there has been a similar denial of a properlyfiled motion to withdraw based on an actual conflict of interest. However, we find Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983), to be instructive on this issue. In Yesnes, the defendant moved to withdraw his plea on several grounds, including the claim that he had agreed to the plea bargain so that his appointed counsel "would not yell at me." His public defender then moved to withdraw as counsel on the ground that the defendant claimed his plea had been coerced. In Yesnes, the public defender was allowed to withdraw and new counsel appointed. However, the newly-appointed counsel was not prepared to argue at the hearing on the motion to withdraw plea.
The Yesnes court observed that the defendant was "compelled to proceed [at the hearing] without effective assistance of counsel and was in no position to appreciate his legal *1045 burden to obtain the requested relief." Id. at 635. The first district thus reversed the denial of the defendant's motion to withdraw his plea to afford the defendant an opportunity for a full hearing where he could be effectively represented by counsel.
It is difficult to discern how defense counsel could have effectively represented defendant at the motion to withdraw his plea when the very basis for the motion was allegations concerning defense counsel's own misconduct and coercive behavior. Rather than allowing withdrawal of counsel based on an actual conflict of interest, the trial court predicated its decision on the merits of defendant's motion to withdraw his plea even while earlier acknowledging that defense counsel was not prepared to argue the motion to withdraw the plea.
As a result of the trial court's denial of defense counsel's motion to withdraw as counsel, defendant did not have a conflict-free attorney advocating for withdrawal of his guilty plea. By not being allowed to withdraw from representation, defense counsel was placed in the impossible position of attempting to argue the motion to withdraw the plea:
Your Honor, at this time, Brian Roberts would move to withdraw his plea based upon the grounds that he [defendant] has stated to the Court ... [I] adopt the statements of my client, and move to withdraw the plea based on grounds which he has stated.
(Emphasis supplied). When the trial court asked if there were additional grounds, defense counsel turned to defendant for the response. Defendant, not his counsel, cited a case to the court for the proposition that a plea of guilty should not be induced by fear or misapprehension.
For all practical purposes, defendant represented himself on the motion to withdraw the plea. Because the attorney and client's interests were directly adverse, defense counsel was unable to effectively advocate on behalf of his client, and in fact did not advance his client's position. This implicated defendant's right to effective assistance of counsel at a critical stage of the proceeding.
We withhold judging the merits of whether defendant should have been allowed to withdraw his guilty plea and thus face the original charges with the possibility of the death penalty. However, we must observe that the trial court was faced with a motion to withdraw the plea before sentencing in which the governing principles are to be liberally construed in favor of defendant. Where it appears that the interests of justice would best be served, the defendant should be permitted to withdraw his plea filed pursuant to Florida Rule of Criminal Procedure 3.170(f). See Elias v. State, 531 So.2d 418, 419 (Fla. 4th DCA 1988); Yesnes.
Rule 3.170(f), which governs the withdrawal of pleas before sentencing, provides that "[t]he court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn." In construing the rule, Judge Zehmer of the first district explained:
The burden is upon a defendant to establish good cause under the rule, and use of the word `shall' indicates that such a showing entitles the defendant to withdraw a plea as a matter of right. Use of the word `may,' however, suggests that the rule also allows, in the discretion of the court, withdrawal of the plea in the interest of justice, upon a lesser showing than good cause. In any event, this rule should be liberally construed in favor of the defendant.... The law inclines toward a trial on the merits; and where it appears that the interests of justice would be served, the defendant should be permitted to withdraw his plea.
Yesnes, 440 So.2d at 634. Thus, a defendant should be permitted to withdraw his plea if he proves that the plea was entered under "mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances [affecting] his rights." Pope v. State, 56 Fla. 81, 47 So. 487 (1908); Yesnes.
Accordingly we reverse both orders denying defense counsel's motion to withdraw as counsel and defendant's motion to withdraw his plea. We remand for a new hearing on defendant's motion to withdraw his guilty plea at which time defendant shall have the *1046 opportunity to be effectively represented by conflict-free counsel.
REVERSED AND REMANDED.
STONE, J., concurs.
SHAHOOD, J., dissents with opinion.
SHAHOOD, Judge, dissenting.
I dissent. A trial court is obligated to examine the reasons given by a defendant to support his motion to discharge counsel and the grounds behind counsel's motion to withdraw. Johnston v. State, 497 So.2d 863 (Fla. 1986). Absent a clear abuse of discretion, a trial court's denial of a motion to withdraw by counsel should not be disturbed. Weems v. State, 645 So.2d 1098 (Fla. 4th DCA), review denied, 654 So.2d 920 (Fla.1984); Sanborn v. State, 474 So.2d 309 (Fla. 3d DCA 1985) (trial courts are given broad discretion to determine whether motion to withdraw should be granted).
Appellant entered a negotiated plea after four days of jury selection. The trial court conducted a detailed plea colloquy twice asking the appellant the required questions to ensure that the plea was being entered freely, knowingly, intelligently, and voluntarily. Appellant, who was under oath, testified that he had signed the plea form and was aware of the waiver of his various rights. He further testified that he had sufficiently discussed the change of plea with his court-appointed attorney and that no one had threatened him or coerced him into entering the plea.
Eleven days before the scheduled sentencing, the court-appointed counsel filed a motion to withdraw as counsel, alleging "counsel and defendant's attorney/client relationship has been irretrievably broken" and "all other grounds to be argued ore tenus." The hearing on the motion took place immediately prior to the sentencing hearing. At the hearing, counsel advised the court that appellant wished to withdraw his plea of guilty on the grounds that he had been coerced by counsel into entering the plea. The court, after a hearing on both motions, found that there was no basis for the appellant's motion for change of plea based on coercion by counsel, and further, that counsel had fairly and adequately represented appellant and, therefore, ultimately denied both motions. In my opinion, as in Johnston, appellant's reason for seeking to discharge his attorney was insufficient.
The trial court did not abuse its discretion in denying the motion to withdraw by counsel or the motion to withdraw plea. I would affirm the trial court's denial of both the motion to withdraw by counsel and the motion to withdraw plea.
NOTES
[1] Defense counsel's appointment in this case was the result of the public defender's certification of a conflict in representing defendant and a co-defendant, pursuant to section 27.53(3), Florida Statutes (1993).