682 So.2d 1173 (1996)
Walter Edward HOPE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2927.
District Court of Appeal of Florida, Fourth District.
November 6, 1996.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Edward Giles, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Walter Edward Hope, was charged with two counts of sexual battery on a child under twelve. He originally entered a plea of not guilty to the charges, but later agreed to plead no contest to two counts of the lesser included offenses of attempted sexual battery on a child under twelve.
Pursuant to the negotiated plea, appellee agreed to a sentence of seventeen years in prison followed by thirty-eight years' probation. After it was determined that the plea was freely and knowingly entered and that there was a factual basis for the acceptance of the plea, the court accepted the plea.
On the day of sentencing, prior to the court's imposing the sentence, appellant made a pro se, ore tenus motion to change his plea to not guilty and to discharge his counsel on the grounds that counsel failed to investigate all of the allegations against him and did not interview all witnesses. In addition, appellant alleged that counsel had told him that if he did not accept the negotiated plea, he would get "50 years mandatory time." Appellant also alleged that one day after he entered his plea, he had contacted his attorney and had asked him to file a motion to withdraw the plea; however, counsel failed to file the motion.
Counsel responded to appellant's allegations, stating to the court that he (counsel) had "talked to every material witness in the case" and had conducted "complete discovery in this case" and "without one scintilla of doubt in [his] mind, believe[d] that [the plea bargain was] definitely in [appellant's] best interest." Counsel further stated that, in his opinion, if the case proceeded to trial, "there would be a substantial chance that [appellant] *1174 would be spending the rest of his life in prison." Appellant declined to say anything further and was sentenced, pursuant to the negotiated plea, to seventeen years in prison followed by thirty-eight years' probation.
In Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996), prior to sentencing, counsel had filed a written motion to withdraw asserting that the attorney-client relationship was irretrievably broken. Id. at 1043. The motion was never set for hearing. At sentencing, counsel advised the court that Roberts wished to withdraw his guilty plea on the basis that he was misled or coerced by counsel into entering it. Id. At that time, because counsel would be placed in a position which was adverse to that of his client's, counsel requested that he be permitted to withdraw and that a special public defender be appointed to argue Roberts' motion to withdraw his plea. Id. The trial court denied both motions, and this court reversed that ruling on appeal holding that Roberts had been denied effective assistance of counsel at a critical stage of the proceeding. Id. at 1045.
In this case, appellant made a pro se motion to withdraw his plea of guilty and stated his grounds in support of the motion. His counsel then fervently insisted that he had not coerced appellant to enter his plea, had adequately investigated the case, and had interviewed all relevant witnesses. Appellant's counsel stated further to the court his opinion that appellant would not prevail at trial and gave reasons why he thought the plea was in appellant's best interest.
Clearly, this is the type of adversarial situation contemplated in Roberts. Indeed, the facts in this case more strongly compel reversal since, here, counsel not only failed to argue on behalf of appellant's motion to withdraw his guilty plea, but strongly advocated against the motion. In addition, appellant alleged that he had instructed his counsel to file a written motion to withdraw his guilty plea the day after the entry of the plea. Even if some or all of appellant's allegations were unfounded, his interests were indisputably adverse to those of his counsel. On these facts, we hold that appellant was denied effective assistance of counsel. Accordingly, we reverse and remand as to this issue with instructions to the trial court to appoint conflict-free counsel for the purpose of conducting a full evidentiary hearing on appellant's motion to withdraw his guilty plea.
As his second point on appeal, appellant alleges that the trial court erred in imposing a sentence of seventeen years in prison followed by thirteen years' probation on one count, and five years in prison followed by twenty-five years' probation on the other count, with the prison terms to run concurrently and the probation terms to run consecutively.
We affirm the sentence imposed by the trial court. Where, as here, there are two victims and two offenses, the court may impose consecutive probationary periods for offenses separate from the offense for which the prison term was imposed, which do not exceed the statutory maximum. See Stoudmire v. State, 636 So.2d 118 (Fla. 1st DCA 1994); Petrillo v. State, 554 So.2d 1227 (Fla. 2d DCA 1990); Weiner v. State, 562 So.2d 392 (Fla. 5th DCA 1990).
As his third point on appeal, appellant points to an apparent conflict between the written order of probation and the restitution order. Specifically, while the restitution order indicates that restitution is not applicable, the probation order states that the court shall reserve jurisdiction to determine restitution at a later date. In addition, the court orally stated at sentencing the following:
I'm also going to award, reserve jurisdiction for any restitution for counseling for the two victims. Since it's 17 years, there's not much point going into that now because it'll be a long time before he gets out.
In the event of conflict between the restitution order, the oral pronouncement, and the probation order, the oral pronouncement controls. Williamson v. State, 569 So.2d 1368 (Fla. 4th DCA 1990).
Reversed and remanded.
DELL, J., and COLBATH, Associate Judge, concur.