688 So.2d 948 (1997)
Ramon LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1849.
District Court of Appeal of Florida, Fifth District.
February 14, 1997.
*949 Robert Rodriguez, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Appellant Ramon Lopez (Lopez) appeals from a conviction and sentences for three counts of lewd acts upon a child after a plea of nolo contendere, and from an order denying his motion to withdraw the plea. We reverse.
Lopez was charged by information with two counts of sexual battery on a person less than twelve years of age and one count of lewd act upon a child. He was represented by Attorney Thomas Woodson (Woodson) and entered a plea of not guilty. After the state offered a plea agreement and after Lopez was given time to consider it, the court reviewed the consequences of the proposed plea with Lopez. When satisfied that Lopez understood the terms of the agreement and the consequences of the plea, the court accepted the plea and set a date for sentencing.
At the sentencing hearing, the court was advised that there was a motion to substitute counsel, that Lopez had retained Robert Rodriguez (Rodriguez) to represent him. Rodriguez informed the court that he was prepared to file the motion for substitution, a motion for continuance and a motion to withdraw the plea. The court declined to grant any of the motions before sentencing after receiving a proffer from Rodriguez on the basis for the motion to withdraw the plea, ruling Woodson would represent Lopez during sentencing. After sentencing Lopez to concurrent terms of twelve years followed by two years of probation, the court granted the motion for substitution.
Subsequently, a motion to withdraw the plea was filed, asserting essentially the same grounds as were proffered before the sentencing hearing. At the later hearing on the motion, in addition to Lopez' testimony that he did not understand the English language well so that he did not understand all of the consequences of his plea, he also testified to conflicts with attorney Woodson. According to Lopez, Woodson told him that he would be sentenced to five years pursuant to the plea agreement but that he would only serve half of that time; that Woodson could not locate *950 an HRS worker whom the victim had allegedly told that someone else had assaulted her, yet after entering the plea Lopez' wife found this witness. There was other testimony relating to matters which Woodson allegedly told Lopez and which turned out not to be so, but which influenced Lopez to enter into the plea, all of which need not be detailed here.
The trial court decided to continue the hearing and resume it later with Woodson's testimony, and also review the transcripts of the plea and sentencing hearings. The trial court reconvened the hearing a week later, and because of some confusion as to notice, Rodriguez did not appear. Neither does the record indicate that Attorney Woodson was present. The trial court then denied the motion to withdraw the plea.
Lopez contends that the trial court should have granted his motion for substitution of counsel prior to sentencing. Since Lopez' newly-retained attorney was not substituted until after sentencing, Lopez claims that he did not have a "conflict-free" attorney at sentencing and therefore was denied effective assistance of counsel.
A defendant is entitled to a conflict-free attorney at sentencing. Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996). After sentence is imposed, the burden is on a defendant to show that a "manifest injustice" has occurred. LeDuc v. State, 415 So.2d 721 (Fla.1982); Eisaman v. State, 440 So.2d 470 (Fla. 5th DCA 1983), although there is a lesser burden before sentencing. Roberts, supra. In refusing to entertain the motion to substitute counsel until after sentencing, when it had been made known to the court that defendant contended, among other things, that his plea had been based on alleged misrepresentations by his attorney, the trial court did not allow defendant effective representation by a conflict-free attorney, and such failure cannot be considered harmless. He was entitled to an evidentiary hearing on his motion to withdraw his plea prior to sentencing. Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA 1991).
The sentences herein are set aside, and the order denying Lopez' motion to withdraw his plea is reversed. This cause is remanded to the trial court with directions to conduct a pre-sentencing evidentiary hearing on Lopez' motion to withdraw his plea.
REVERSED and REMANDED; SENTENCES SET ASIDE.
COBB and ANTOON, JJ., concur.