702 So.2d 256 (1997)
Donald Quintin BRYE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-269.
District Court of Appeal of Florida, First District.
December 1, 1997.
*257 Nancy A. Daniels, Public Defender; W.C. McLain, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Denise O. Simpson, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant seeks review of an order denying his motion to withdraw his pleas. He complains that the trial court committed reversible error when it denied that motion without first granting his lawyer's motion to withdraw as counsel, and then appointing conflict-free counsel to represent him. We agree and, accordingly, reverse.
Following the entry by appellant of no contest pleas to two counts of possession of cocaine and one count of sale of cocaine, and before sentencing, appellant's lawyer filed a motion to withdraw the pleas and a motion to withdraw as counsel. The former motion alleged that the lawyer had lied to appellant to induce him to enter pleas; that the lawyer had failed to discuss possible defenses with appellant; and that, in fact, appellant had viable defenses (which were specified) to the charges. The latter motion sought leave to withdraw as counsel because the allegations made by appellant in the motion to withdraw his pleas created a conflict of interest. Citing Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996), the lawyer requested that new counsel be appointed to represent appellant regarding his motion to withdraw his pleas. Instead of first ruling on the lawyer's motion to withdraw as counsel, the trial court addressed appellant's motion to withdraw his pleas. Although the lawyer still represented appellant, he was placed in the position by the trial court of having to respond to the allegations made by appellant in his motion. After listening to the lawyer and appellant, who recounted vastly different versions of what had transpired before appellant had entered his pleas, the trial court denied appellant's motion to withdraw his pleas.
The salient facts of this case are indistinguishable from those in Roberts. Accordingly, as in Roberts, we hold that it was reversible error to consider and rule on appellant's motion to withdraw his pleas before permitting his lawyer to withdraw, and appointing conflict-free counsel to represent him. Accord Lopez v. State, 688 So.2d 948 (Fla. 5th DCA 1997); Hope v. State, 682 So.2d 1173 (Fla. 4th DCA 1996). We reverse the denial of appellant's motion to withdraw his pleas, and remand with directions that the trial court appoint conflict-free counsel to represent appellant in further proceedings.
REVERSED and REMANDED, with directions.
MINER and ALLEN, JJ., concur.