704 So.2d 195 (1998)
Moses L. BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-224.
District Court of Appeal of Florida, Fifth District.
January 2, 1998.
Robert Paul LeBlanc of LeBlanc & Iennaco, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
The appellant, Banks, appeals from judgments and sentences in two consolidated cases. On October 28,1996, Banks, who was represented by assistant public defender Chung Kim, entered pleas of nolo contendere *196 in these cases to possession of cocaine and introduction of contraband into a county detention facility. Pursuant to a plea bargain, the state attorney dismissed one count in one case and agreed to a sentence of three months greater than the minimum sentence permitted by Banks's scoresheet. Banks was thereupon adjudicated guilty.
A sentencing hearing was scheduled for December 3, 1996. Prior to that time, however, on November 13, 1996, Banks sent a letter to Kim advising him that he wished to withdraw his plea. Banks then wrote directly to the trial judge with the same request on November 21, 1996. The scheduled hearing was postponed until December 18, 1996, at which time attorney Kim advised the trial judge of Banks's request and the latter's feeling that Kim had made "oversights" in the preparation of his defense and was not satisfied with Kim's representation. Kim stated that he could not, in good faith, file a motion to withdraw the plea, and he requested the court to appoint a conflict attorney to represent Banks.
When asked by the court to state his position, Banks stated that he felt he had a good chance of winning at trial on the charges and that the state's plea offer, which he had previously agreed to, was "a little outrageous." He stated that he had changed his mind and had decided it was in his best interest to withdraw his plea and go to trial.
The trial court thereupon denied Banks's motion to withdraw his pleas and stated his reason for doing so:
Certainly some evaluations ought to go into deciding whether or not you ought to accept the plea agreement, and I'll assume you had an opportunity to discuss this plea agreement with the lawyer prior to entering into this plea agreement; but once you decided to accept it, the Court went through its normal plea colloquy with you and it does not appear that you've complained about being pressured or coerced or anything. According to the letter you after you thought about the case, you decided that you have a better chance of winning than losing.
At the time the plea was entered, you indicated that you felt it was in your best interest; and I take you at your word. If the Court was to rule otherwise, there would be no finality. Every time someone came in here and entered a plea, they could decide later that perhaps it was not a good idea; and the Court would have to permit everybody in that situation to withdraw their plea. And I don't think it's appropriate.
And the reason that you gave for wanting to withdraw your plea, I don't think that's sufficient at this point. So I'll deny the request and we're ready to proceed with sentencing.
On appeal, which is being handled by conflict counsel appointed for Banks, appellant contends: (1) that the trial court erred in denying Banks the right to withdraw his pleas without affording him a hearing with the assistance of conflict-free counsel; and (2) the trial court's refusal to allow withdrawal of the pleas constituted an abuse of discretion.
In respect to the first issue, the appellant relies primarily on the case of Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996), which he argues is factually similar to the instant case, the only difference being that in Roberts defense counsel actually moved to withdraw the plea whereas in the instant case Kim did not. The Fourth District found "For all practical purposes, defendant represented himself on the motion to withdraw plea" and that "This implicated defendant's right to effective assistance of counsel at a critical stage of the proceeding." Roberts at 1045. The appellate court reversed the conviction, remanded for a new hearing on the motion to withdraw the plea, and directed that Roberts be provided with conflict-free counsel.
The appellant also relies on Hope v. State, 682 So.2d 1173 (Fla. 4th DCA 1996). There, the defendant filed a pro se, ore tenus motion to withdraw his plea at sentencing, alleging that his attorney failed to investigate the allegations against him and told him he would get 50 years of mandatory prison time if he did not plead. Defense counsel in Hope vehemently denied his client's accusations concerning preparation of the case and conduct *197 during plea negotiations. As in Roberts, the appellate court reversed and remanded with instructions that conflict-free counsel be appointed.
In a recent opinion from this court, Lopez v. State, 688 So.2d 948 (Fla. 5th DCA 1997), a case analogous to the instant one, we stated:
A defendant is entitled to a conflict-free attorney at sentencing. Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996). After sentence is imposed, the burden is on a defendant to show that a "manifest injustice" has occurred. LeDuc v. State, 415 So.2d 721 (Fla.1982); Eisaman v. State, 440 So.2d 470 (Fla. 5th DCA 1983), although there is a lesser burden before sentencing. Roberts, supra. In refusing to entertain the motion to substitute counsel until after sentencing, when it had been made known to the court that defendant contended, among other things, that his plea had been based on alleged misrepresentations by his attorney, the trial court did not allow defendant effective representation by a conflict-free attorney, and such failure cannot be considered harmless. He was entitled to an evidentiary hearing on his motion to withdraw his plea prior to sentencing. Corbitt v. State, 584 So.2d 231 (Fla. 5th DCA 1991).
The sentences herein are vacated, the trial court's order denying Banks' motion to withdraw his pleas is reversed, and this cause is remanded to the trial court with directions to conduct a pre-sentencing evidentiary hearing on Banks' motion.
REVERSED AND REMANDED.
W. SHARP and ANTOON, JJ., concur.