706 So.2d 124 (1998)
Daniel Leland KARG, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1523.
District Court of Appeal of Florida, First District.
February 26, 1998.
Nancy A. Daniels, Public Defender, and Mark E. Walker, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellee concedes that the trial court erred in denying appellant's motion to withdraw his plea before determining the truthfulness of the allegation that his attorney failed to communicate plea offers to him. See, e.g. Seymore v. State, 693 So.2d 647 (Fla. 1st DCA 1997)(allegation of failure to communicate plea offer states colorable claim of ineffective assistance in context of motion for post-conviction relief). Further, appellee concedes that the trial court erred in failing to conduct an inquiry regarding appellant's *125 motion to discharge trial counsel. See, e.g., Bowden v. State, 588 So.2d 225 (Fla. 1991)("[w]here a defendant seeks to discharge court-appointed counsel due to alleged incompetency of counsel it is incumbent upon the trial court to make a sufficient inquiry of the defendant and his appointed counsel to determine whether there is reasonable cause to believe that counsel is not rendering effective assistance to the defendant").
While appellant contends the trial court must appoint conflict-free counsel to represent him in the hearing on his motion to withdraw plea, appellee asserts the trial court need not appoint counsel unless the motion to withdraw the plea is granted. We disagree with appellee. Because a conflict between appellant and his trial counsel appears in the record, the trial court must appoint conflict-free counsel to represent appellant with regard to his motion to withdraw his plea. See Brye v. State, 702 So.2d 256 (Fla. 1st DCA 1997); Lopez v. State, 688 So.2d 948 (Fla. 5th DCA 1997); Hope v. State, 682 So.2d 1173 (Fla. 4th DCA 1996).
The denial of appellant's motion to withdraw plea is REVERSED and REMANDED with directions to appoint conflict-free counsel to represent appellant in further proceedings.
JOANOS, MINER and WEBSTER, JJ., concur.