717 So.2d 69 (1998)
Wadie Michael HOLIFIELD,
v.
STATE of Florida, Appellee.
No. 97-2882.
District Court of Appeal of Florida, First District.
July 9, 1998.
Rehearing Denied September 11, 1998.
Nancy A. Daniels, Public Defender, David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Stephen R. White, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Holifield's allegation in his motion to withdraw plea that he was under duress caused by defense counsel when he entered his plea created a conflict of interest between Holifield and his attorney. Defense counsel was thereby placed in the position of having to respond to allegations against her. This is precisely the type of adversarial situation Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996), addresses. See also Brye v. State, 702 So.2d 256 (Fla. 1st DCA 1997); Lopez v. State, 688 So.2d 948 (Fla. 5th DCA 1997); Hope v. State, 682 So.2d 1173 (Fla. 4th DCA 1996). This is not a motion based solely on allegations of ineffective assistance of counsel, as in Cunningham v. State, 677 So.2d 929 (Fla. 4th DCA 1996).
The preferred course to follow once a defendant files a motion to withdraw plea alleging misrepresentation, coercion or duress by defense counsel, or once a conflict of interest arises between the defendant and defense counsel at the motion hearing is for the trial court to appoint or allow the defendant to retain independent counsel solely for the purpose of representation on the motion to withdraw the plea.
REVERSED and REMANDED with directions to appoint conflict-free counsel to represent appellant in further proceedings.
ERVIN and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.