PER CURIAM.
Roy Dwayne Thomason appeals his conviction and sentence for exploitation of an elderly or disabled person, grand theft, and working as an unlicensed contractor. He argues that the trial court erred when it denied his motion to withdraw his plea without a hearing. We reverse.
On July 14, 1997, the date set for trial, appellant’s counsel informed the court that appellant sent her a letter firing her and asking her to withdraw. When the court asked appellant if he was requesting that it discharge counsel, he stated, “No, sir.”
Appellant then claimed to have documents exculpating himself and inculpating another. The parties requested an in-camera hearing to assist in locating those documents. During that hearing, counsel told the court that appellant decided to enter a plea open to the court, but not in the court room for fear of interference. The court conducted a plea colloquy with appellant. He stated that he signed the plea form pleading no contest knowingly, voluntarily, and intelligently, and without any coercion or promises as to sentences to be imposed. He also stated that he was satisfied with his counsel’s services. The court accepted his plea.
On September 5, 1997, the court held a hearing on a motion to withdraw filed by appellant’s counsel. Counsel stated that appellant claimed that she attempted to suborn perjury, that she had been deceitful with the court and perpetrated frauds, and that she had actually forced appellant to enter the plea. Appellant told the court that his counsel now denied giving him answers she once gave him, that he tried *1124 to contact her on many occasions, but only received one call back, that he felt she inadequately prepared for sentencing, and that he only said he was satisfied with her services at the time of his plea because he felt intimidated and confused. He said he did not trust her, that she did not do an appropriate job, and that she told him things he later learned were false. The court granted counsel’s motion to withdraw.-
On October 23, 1997, appellant’s fourth attorney[1] moved to withdraw appellant’s plea. Appellant attached an affidavit to the motion addressing his defenses. The affidavit provided that his plea was involuntary due to pressure he received by the prosecutor and his counsel at the time of the plea, that he had viable defenses to each charge, that his counsel at the time of the plea did not provide him with accurate information - learned at the depositions, that she refused to speak with a main witness in his favor, and that she told him that a non-prison sentence was conditioned on his giving testimony against another person.
At the hearing on the motion to withdraw his plea, counsel noted that he had just been handed a copy of the trial court’s order denying appellant’s motion to withdraw his plea, and he wanted the record to reflect that no hearing had been conducted on the motion. The court stated that a hearing was not necessary because the transcript of the plea colloquy at the July 14, 1997 hearing was dispositive of the issue. The court found appellant guilty of each offense and sentenced him to concurrent three year prison terms for each of the felony counts.
Appellant argues that the trial court should have held an evidentiary hearing on his motion to withdraw his plea. “The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn ...” Fla. R.Crim.P. Rule 3.170(f).
The burden is upon a defendant to establish good cause under the rule, and the use of the word “shall” indicates that such a showing entitles the defendant to withdraw a plea as a matter of right. Use of the word “may,” however, suggests that the rule also allows, in the discretion of the court, withdrawal of the plea in the interest of justice, upon a lesser showing than good cause. In any event, this rule should be liberally construed in favor of the defendant.
Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983).
Based on the extensive allegations contained in appellant’s affidavit, as enumerated above, we hold that the trial court erred when it did not conduct an evidentiary hearing on his motion to withdraw his plea. See Banks v. State, 704 So.2d 195 (Fla. 5th DCA 1998); Hope v. State, 682 So.2d 1173 (Fla. 4th DCA 1996). We remand this cause to the trial court for an evidentiary hearing on appellant’s motion to withdraw his plea.
REVERSED and REMANDED.
DELL, KLEIN and GROSS, JJ., concur.

. The court had appointed new counsel on September 5, 1997, and on September 12, 1997.