734 So.2d 472 (1999)
Christopher LINGENFELSER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3311.
District Court of Appeal of Florida, Fourth District.
May 12, 1999.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, Christopher Lingenfelser, was charged with trafficking in cocaine (count I) and conspiracy to traffic in cocaine (count II). Represented by two privately-retained lawyers, Alex Repasky, a Georgia lawyer, and Anthony Stonick, a Florida lawyer, Lingenfelser entered a plea of guilty to trafficking in cocaine. When the proceedings recommenced for sentencing, Attorney Repasky represented to the trial court that Lingenfelser had informed him that he wished to get rid of both of his attorneys, proceed pro se, and withdraw his plea. During the exchange that ensued, Lingenfelser told the trial judge that his plea had been coerced by his attorney and that he wished to withdraw his plea. The trial judge refused to hear his ore tenus motion[1] and proceeded to impose sentence for both counts. Although appellant went on to ask for a thirty-day continuance of the sentencing hearing, he never withdrew his motion to discharge counsel and to withdraw his plea.
Initially, appellant contends that it was error for the lower court to proceed to sentencing without considering his motion to discharge counsel and without conducting a hearing on his claim that his guilty plea was coerced by counsel. We agree.
Where a defendant seeks to withdraw his plea on the ground that it was coerced by his attorney, the trial court must either appoint conflict-free counsel or permit the defendant the opportunity to secure the same and, then, conduct an *473 evidentiary hearing on the motion to withdraw the plea. See Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996); see also Holifield v. State, 717 So.2d 69 (Fla. 1st DCA 1998); Banks v. State, 704 So.2d 195 (Fla. 5th DCA 1998). In the instant case, Lingenfelser asserted that he wished to withdraw his plea as it had been coerced by his attorney. At this point, it was incumbent upon the trial judge to, first, permit Lingenfelser to secure conflict-free counsel and, second, to conduct an evidentiary hearing on the motion to withdraw the plea. The trial judge did neither. We, therefore, reverse the sentence imposed and remand for the appointment of conflict-free counsel[2] and an evidentiary hearing on Lingenfelser's motion to withdraw his plea.
In addition, appellant contends that it was error for the trial court to sentence him on count II as he did not plead guilty to that offense. The State concedes that, in fact, there was no plea to the conspiracy to traffic in cocaine charge. Therefore, on remand, the trial court is instructed to vacate the adjudication of guilt and sentence with respect to count II.
REVERSED and REMANDED.
DELL and POLEN, JJ., concur.
NOTES
[1] We note that although it may be the better practice, there is no requirement that a motion to withdraw a plea, made prior to sentencing, be in writing. Thus, the trial court erred in refusing to consider the motion because it was not in writing.
[2] Subsequent to the imposition of sentence, Lingenfelser was found to be indigent. For that reason, we find it appropriate to remand for the appointment of conflict-free counsel, rather than to permit Lingenfelser the opportunity to secure private counsel.