765 So.2d 128 (2000)
Thomas L. ZEISZLER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2158.
District Court of Appeal of Florida, First District.
June 19, 2000.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant contends the trial court erred in denying his motion to withdraw his plea before sentencing, and argues that he was entitled to the appointment of conflict-free *129 counsel to assist him in pursuing his motion. We agree.
After his plea was entered, but before sentencing, appellant, with the assistance of counsel, filed a motion to withdraw his plea. In the motion, he alleged that at the time he entered his plea, he was under a great deal of emotional and mental distress and believed he did not have a viable alternative. At hearing on the motion, appellant asserted that he had been coerced by defense counsel to enter the plea. Among other things, he said that defense counsel had insisted he take the plea, and that defense counsel had suggested he might withdraw from the case if appellant did not take the plea.
We are unable to distinguish this case from Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996), and Holifield v. State, 717 So.2d 69 (Fla. 1st DCA 1998), on which appellant relies, or Karg v. State, 706 So.2d 124 (Fla. 1st DCA 1998). As in Holifield, this was not a case in which the motion to withdraw was based solely on alleged ineffective assistance of counsel. In Holifield, the court said:
The preferred course to follow once a defendant files a motion to withdraw plea alleging misrepresentation, coercion or duress by defense counsel, or once a conflict of interest arises between the defendant and defense counsel at the motion hearing is for the trial court to appoint or allow the defendant to retain independent counsel solely for the purpose of representation on the motion to withdraw the plea.
717 So.2d at 69 (e.s.).
In Karg, appellant sought to withdraw his plea, alleging defense counsel had coerced him to accept a plea. This court stated: "Because a conflict between appellant and his trial counsel appears in the record, the trial court must appoint conflict-free counsel to represent appellant with regard to his motion to withdraw his plea." 706 So.2d at 125.
The denial of appellant's motion to withdraw his plea is set aside and the matter is remanded with directions to appoint conflict-free counsel to represent appellant in further proceedings concerning the motion.
JOANOS, ALLEN and KAHN, JJ., CONCUR.