795 So.2d 228 (2001)
Terry CADET, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1721.
District Court of Appeal of Florida, Fourth District.
September 26, 2001.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
*229 Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Appellant, sixteen-year-old Terry Cadet, pled no contest to one count of robbery with a firearm. Prior to the imposition of sentence, Cadet sought to withdraw his plea, citing pressure from his attorney. The trial judge denied his request and sentenced Cadet to twenty years in prison with a ten-year minimum mandatory prison stay, pursuant to the "ten-twenty-life" legislation, followed by ten years probation. Because we find that the trial judge should have appointed conflict-free counsel to represent Cadet on the motion to withdraw his plea, we reverse the sentence and remand for further proceedings.
Cadet's case was transferred to adult court where he entered an open plea of nolo contendere. At the sentencing hearing, Cadet's attorney, Sebastian Cotrone, informed the trial judge that Cadet wanted to withdraw his plea. When asked for the basis of the request to withdraw the plea, Cotrone stated: "I don't see any grounds. He did it freely and voluntarily. I was here when he did it. The Court went through a pretty long colloquy." The trial judge denied the request. Later in the sentencing hearing, when the trial court asked Cadet if he had anything to say in his own behalf, Cadet stated that he wanted to withdraw his plea and go to trial. During the discussion which followed, Cadet informed the trial judge that he had told Cotrone that he wanted to take the case to trial but that Cotrone "pressured" him into entering the plea. The trial judge proceeded to impose sentence, and Cadet now contends that it was error for the court to deny his motion to withdraw his nolo plea without conducting a hearing on his claim that his plea was coerced by counsel.
Where a defendant seeks to withdraw his plea on the ground that he was coerced by his attorney, the trial court must either appoint conflict-free counsel or permit the defendant the opportunity to secure the same, and then conduct an evidentiary hearing on the motion to withdraw the plea. See Lingenfelser v. State, 734 So.2d 472 (Fla. 4th DCA 1999); Roberts v. State, 670 So.2d 1042 (Fla. 4th DCA 1996); see also Holifield v. State, 717 So.2d 69 (Fla. 1st DCA 1998). Here, Cadet told the trial judge that Cotrone put "pressure" on him to enter the plea, and that he had consistently told Cotrone that he wanted to take the matter to trial. When it became clear that Cadet was making a facially-valid claim that he had been coerced by his counsel, it was incumbent upon the trial judge to appoint conflict-free counsel or permit Cadet to secure new counsel. See Lingenfelser; Roberts.
Upon review, we find a sufficient basis in the record to require the appointment of conflict-free counsel to represent Cadet. Consequently, on remand, we direct the trial court to appoint new counsel for Cadet and, then, to consider the merits of Cadet's motion to withdraw his plea.
REVERSED and REMANDED.
POLEN, C.J., and TAYLOR, J., concur.