837 So.2d 1125 (2003)
James BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3562.
District Court of Appeal of Florida, Fourth District.
February 19, 2003.
*1126 James Brooks, Moore Haven, pro se.
Charlie Crist, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
James Brooks filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). While he raised several issues, we address one. He contends he was improperly sentenced as a habitual violent offender based upon the offense of carjacking, which is not an enumerated offense on which to base enhancement under section 775.084(1)(b), Florida Statutes (2000). We agree and reverse.
Because this error is apparent from the face of the record, a Rule 3.800(a) motion is the proper vehicle to raise this challenge. See Carter v. State, 786 So.2d 1173, 1180 (Fla.2001). A sentence is "illegal" if it imposes a "kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." Id. at 1181, (quoting Blakley v. State, 746 So.2d 1182, 1186-87 (Fla. 4th DCA 1999)).
Brooks was convicted of attempted robbery, Case No. 00-19029, and sentenced as a habitual violent felony offender ("HVFO") to ten years in prison with an enhancement of five years minimum mandatory imprisonment. See § 775.084(1)(b), (4)(b). Brooks challenged this sentence as the offense relied upon to habitualize him, carjacking, was not an enumerated offense upon which enhancement is authorized. Brooks is correct; carjacking is not an offense enumerated under section 775.084(1)(b)1.
The state argues that because carjacking involves a robbery, and robbery is an enumerated offense, Brooks qualifies as an HVFO. See Fryer v. State, 732 So.2d 30, 32 (Fla. 5th DCA 1999). While Fryer held that robbery is a necessarily lesser included offense of carjacking, that is unrelated to the statutory sentencing scheme. Carjacking and robbery are still classified as separate offenses. See Cruller v. State, 808 So.2d 201, 204 (Fla.2002) (concluding the Legislature intended to authorize separate punishments for carjacking and robbery and convictions for both, arising out of the same transaction, did not violate double jeopardy).
A plain reading of the statute, moreover, undermines the state's argument. The Legislature was aware of the differences in the crimes, as it included carjacking as a qualified offense for a three time violent felony offender in section 775.084(1)(c)1.q., yet it chose not to include it as a qualifying offense for HVFO status. When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory *1127 interpretation and construction; the statute must be given its plain and obvious meaning. See Rollins v. Pizzarelli, 761 So.2d 294, 299 (Fla.2000).
The order below denying Brooks' motion is reversed and the matter remanded for a proper sentence to be entered. On remand, the state would be entitled to present evidence of another prior conviction that would support the enhancement if appellant failed to object to the enhanced sentence when it was imposed. See Bover v. State, 797 So.2d 1246, 1251 (Fla.2001).
Reversed and remanded.
STONE, WARNER and MAY, JJ., concur.