PER CURIAM.
Appellant entered an open plea of no contest to the charge of robbery with a deadly weapon. He was sentenced on February 12, 2002. Four days later he filed a motion to withdraw his plea. See Fla. R.Crim. P. 3.170(i). The motion contained a factually-based claim that his lawyer coerced him into entering the plea. At the hearing on the motion, the lawyer disputed appellant’s contention that he had coerced his client. We reverse and remand for the trial court to appoint conflict-free counsel to represent appellant for his Florida Rules of Criminal Procedure 3.170(Z) motion and to hold a new evidentiary hearing on the motion. See Cadet v. State, 795 So.2d 228, 229 (Fla. 4th DCA 2001); Padgett v. State, 743 So.2d 70, 73-74 (Fla. 4th DCA 1999); Hope v. State, 682 So.2d 1173, 1174 (Fla. 4th DCA 1996); Roberts v. State, 670 So.2d 1042, 1045-46 (Fla. 4th DCA 1996); Jones v. State, 827 So.2d 1086, 1087 (Fla. 1st DCA 2002); Bible v. State, 779 So.2d 517 (Fla. 2d DCA 2000); George v. State, 753 So.2d 678 (Fla. 1st DCA 2000).
REVERSED AND REMANDED.
STONE, SHAHOOD and GROSS, JJ., concur.