HARRIS, C., Senior Judge.
Bordner was found in possession of an abundant and varied supply of illegal drugs. After the Public Defender’s Motion to Withdraw because of irreconcilable differences was denied, the court heard the defense motion to suppress and denied it. Bordner pled nolo reserving the right to appeal.
Prior to sentencing, Bordner moved to withdraw his plea claiming that he had a valid defense (a prescription for some of the drugs) and his attorney had failed to properly investigate it. His counsel agreed that he had failed to exhaust all avenues to discover whether there was evidence that a prescription existed. His counsel again moved to withdraw because of irreconcilable differences. Without first ruling on counsel’s motion to withdraw, the court noted that this matter was known to the defendant at the time of the plea and denied it.
The State candidly admits that, based on authority from this court, the trial court’s failure to rule on defense counsel’s motion to withdraw prior to considering the motion to withdraw plea denied the defense effective representation by a conflict-free counsel. See Lopez v. State, 688 So.2d 948 (Fla. 5th DCA 1997); Avera v. State, 436 So.2d 1115 (Fla. 5th DCA 1983); Smith v. State, 845 So.2d 937 (Fla. 5th DCA 2003); and Banks v. State, 704 So.2d 195 (Fla. 5th DCA 1998).
REVERSED and REMANDED for further consideration consistent with this opinion.
SHARP, W. and MONACO, JJ., concur.