IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DAVID DAVILA,

        Appellant,

v.                                                                                   Case No.  5D14-4189

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed May 6, 2016

Appeal from the Circuit Court
for Lake County,
William G. Law, Jr, Judge.

James S. Purdy, Public Defender,
and Susan A. Fagan, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora Hutchinson Hall,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

       David Davila ("Appellant") appeals the trial court's denial of his two pro se

motions to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(*l*).

Appellant argues, and the State properly concedes, that the trial court erred by denying

Appellant's motions while he was unrepresented by counsel. See Hampton v. State, 848

So. 2d 405, 405 (Fla. 2d DCA 2003) ("A motion to withdraw plea is a critical stage of a criminal proceeding at which an indigent defendant is entitled to court-appointed counsel." (citing Padgett v. State, 743 So. 2d 70 (Fla. 4th DCA 1999))). When, as here, a defendant moves to withdraw his plea "on the ground that he was coerced by his attorney, the trial court must either appoint conflict-free counsel or permit the defendant the opportunity to secure the same, and then conduct an evidentiary hearing on the motion to withdraw the plea." Cadet v. State, 795 So. 2d 228, 229 (Fla. 4th DCA 2001) (citing Lingenfelser v. State, 734 So. 2d 472 (Fla. 4th DCA 1999); Roberts v. State, 670 So. 2d 1042 (Fla. 4th DCA 1996)). We reverse and remand for the trial court to appoint conflict-free counsel and hold an evidentiary hearing on Appellant's second motion to withdraw his plea.

REVERSED and REMANDED with INSTRUCTIONS.

LAWSON, C.J., TORPY and WALLIS, JJ., concur.