MILLS, Judge.
Hatcher seeks review of the trial court’s order granting summary judgment in favor of Miller in the amount of $2,500. We affirm.
This case arose out of a dispute between Hatcher and Miller, his lawyer, over $5,000 in legal fees. After his attempts to collect the fees by other means failed, Miller filed suit against Hatcher. Hatcher filed an answer in which he admitted that he owed Miller $2,500 but alleged that they agreed that the money would not be due until some indefinite time in the future when Hatcher was better able to pay. He also asserted a counterclaim against Miller for abuse of process. The trial court rendered summary judgment for Miller on the counterclaim, and that ruling was affirmed by this Court. Hatcher v. Miller, 392 So.2d 70 (Fla. 1st DCA 1980).
Hatcher continued to file motions and to take numerous depositions relating to his counterclaim. Miller meanwhile moved for and obtained summary judgment in the amount of $2,500 since Hatcher did not deny that he owed that amount.
Hatcher argues on appeal, as he did below, that the rendering of summary judgment denied him his right to trial by jury on the issue of whether the money is due now or at some indefinite time in the future. We are in accord with the view of the trial court that when no time or an indeterminate or indefinite time is specified for the performance of an act, the law implies that such act will be performed within a reasonable time. Doolittle v. Fruehauf Corporation, 332 So.2d 107 (Fla. 1st DCA 1976). Therefore, the trial court did not err in granting summary judgment.
Hatcher also raises six other points, none of which merit discussion since they have nothing whatsoever to do with the issue at hand, that is, whether the trial court erred in rendering summary judgment against Hatcher for the $2,500 which he has admitted all along that he owes.
Miller has moved for attorney’s fees pursuant to Section 57.105, Florida Statutes (1981). We find that Hatcher has failed to raise a single justiciable issue and that his stubbornly litigious actions have resulted in a waste of judicial resources. Clearly, whatever benefits Miller may have hoped to derive from the lower court judgment have been significantly diminished by the cost of this appeal. We therefore grant a fee of $2,000 to Miller to help defray that cost. Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282 (Fla. 1st DCA 1982).
AFFIRMED.
ERVIN and LARRY G. SMITH, JJ„ concur.