814 So.2d 1224 (2002)
INDEPENDENT MORTGAGE AND FINANCE, INC., a Florida corporation, Appellant,
v.
Larry M. DEATER, Rory B. Robb, Barry E. Burns, Ellen D. Burns, and Property Privateers, L.C., a Florida limited corporation, Appellees.
No. 3D01-2182.
District Court of Appeal of Florida, Third District.
May 1, 2002.
*1225 Wayne Kruer, Key West, for appellant.
Giovana L. Upson, Key West, and Milton Wendland, for appellees.
Before SCHWARTZ, C.J., and GREEN, and RAMIREZ, JJ.
RAMIREZ, J.
We have for review an order granting the defendants' cross-motion for summary judgment in a case which arose from a dispute over a mortgage brokerage agreement. Because we can see no material ambiguity in the parties' agreement, we reverse.
The plaintiff, Independent Mortgage and Finance, Inc., ("IMF"), entered into a mortgage brokerage agreement with the defendants. The contract contained the following language concerning IMF's commission:
IMF's brokerage fee will be 1.25% of the total loan amount of $1,453,250. This amounts to $18,165 and can be paid at closing.

If IMF is unable to procure a written commitment on these terms by tomorrow, then you have no obligation to pay any fee whatsoever to IMF. Similarly, if IMF obtains a commitment meeting these conditions, then you will be obliged to pay IMF's fees.
The highlighted language is the source of the dispute. The record shows that the plaintiff obtained the written commitment and that the defendants accepted it. However, the closing never occurred and the defendants never paid the plaintiffs brokerage fee. After filing a complaint seeking damages, the plaintiff filed a motion for summary judgment. The defendants filed a cross-motion for summary judgment, arguing that the highlighted language created a patent ambiguity in the brokerage agreement which must be construed against the drafter, IMF. The trial court agreed with the defendants and granted the cross-motion for summary judgment without hearing any extrinsic evidence.
The litigants disagree on whether the ambiguity in the agreement is patent or latent. We have previously stated in the context of testamentary language that "the modern and clearly-preferable view which ascribes no significance to the ancient, essentially meaningless distinctions between kinds of ambiguity prevails in Florida." Campbell v. Campbell, 489 So.2d 774, 778 (Fla. 3d DCA 1986).
The essence of the parties' agreement in this case is perfectly clear on its face: if the plaintiff obtains a written commitment containing specific terms, then the defendants are obligated to pay a brokerage fee which can be paid at the closing. The agreement may be ambiguous as to the time for payment, but it is unambiguous as to the obligation for payment. Simply because a contract is unclear as to when payment must be made does not relieve a party of an obligation to make payment. Where an agreement does not specify the time for payment or provides for an indeterminate or indefinite time, the law implies that payment will be made within a reasonable time. See Hatcher v. Miller, 427 So.2d 1039, 1040 (Fla. 1st DCA 1983). As we approach the two-year anniversary of the loan commitment having been obtained by IMF, we can discern no disputed issue of fact that a reasonable time has elapsed, and payment is now due.
*1226 Accordingly, we reverse the Order on Defendants' Cross Motion for Summary Judgment and remand to the trial court with instructions to enter summary judgment in favor of IMF.