827 So.2d 1086 (2002)
Eugene JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3247.
District Court of Appeal of Florida, First District.
October 14, 2002.
*1087 Nancy A. Daniels, Public Defender, and Anne H. Dunlap, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Robert L. Martin, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant appeals the trial court's denial of his motion to withdraw plea, arguing the trial court erred by failing to appoint conflict-free counsel to represent him during the hearing on his motion, as Appellant requested. The State argues Appellant's motion was facially insufficient to require a hearing; thus, the trial court could have summarily denied the motion. However, the State concedes that if Appellant was entitled to a hearing, appointment of conflict-free counsel was required. We reverse.
Appellant filed a motion to withdraw plea alleging he was "misled." His counsel of record filed a notice of hearing and order to transport, listing herself as Appellant's attorney. At the hearing, when asked for clarification regarding the basis for his motion, Appellant stated he did not "understand the consequences" of his plea. The court then asked Appellant's counsel of record whether she wanted to inquire. Counsel replied she could not be Appellant's counsel of record for the motion to withdraw plea, because she would be a witness during the hearing. Subsequently, the State called Appellant's counsel of record as a witness. Appellant was unrepresented during the hearing.
"[A] criminal defendant facing incarceration has a right to counsel at every critical stage of the proceedings against him." Padgett v. State, 743 So.2d 70, 72 (Fla. 4th DCA 1999) (citations omitted). "Trial, sentencing and direct appeal are all critical stages at which a defendant is entitled to counsel." Id. (citations omitted). At a hearing on a motion to withdraw plea, once it becomes clear a defendant and his counsel have "taken adversarial positions concerning what actually happened while counsel was advising his client concerning the plea," the defendant is entitled to conflict-free counsel. Id. at 73; Rodgers v. State, 765 So.2d 195, 196 (Fla. 1st DCA 2000) (indicating reversal required where trial court failed to appoint conflict-free counsel at hearing on motion to withdraw plea, because hearing was critical stage in criminal proceedings); Lewis v. State, 812 So.2d 597, 598 (Fla. 1st DCA 2002) (indicating defendant entitled to appointment of conflict-free counsel to assist in pursuing motion to withdraw plea); Wofford v. State, 819 So.2d 891 (Fla. 1st DCA 2002) (same).
Here, it was clear at the onset of the hearing that counsel and Appellant were in adversarial positions, because counsel informed the court she would be a witness. The State's argument that Appellant's motion was insufficient on its face, and could have been summarily denied, appears to be an argument that the trial court's error in not appointing counsel at the hearing was harmless, because the trial court could have denied the motion without a hearing. This argument is without merit. This court has held "assistance of counsel is among those `constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.'" Lee v. State, 690 So.2d 664, 668 (Fla. 1st DCA 1997) (finding defendant entitled to conflict-free counsel), quoting Chapman v. California, 386 U.S. 18, 23 & n. 8, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Appellant was entitled to representation by conflict-free *1088 counsel. The order denying Appellant's motion to withdraw plea is REVERSED, and the case REMANDED for appointment of conflict-free counsel and reconsideration of Appellant's motion.
REVERSED and REMANDED.
BARFIELD and KAHN, JJ. concur.