845 So.2d 937 (2003)
Michael F. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1546.
District Court of Appeal of Florida, Fifth District.
April 25, 2003.
James B. Gibson, Public Defender, and James R. Wulchak, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Michael F. Smith, appeals from the denial of his motion to withdraw plea, arguing that he was entitled to conflict-free counsel to represent him during the hearing on his motion. We agree and reverse.
Smith pled no contest to a violation of probation,[1] and was sentenced to sixty *938 months incarceration. He later filed a motion to withdraw plea alleging that "he did not have enough time to discuss his options and alternatives with counsel."
At the motion hearing Smith was represented by the attorney who had previously represented him at his violation of probation hearing. Smith's attorney suggested to the court that it was Smith who wanted to file the motion. The attorney then offered his opinion concerning conversations between himself and Smith as follows:
Mr. Smith and I had several conversations on the telephone about his case. We also spoke here in open court ... the lab result presented ... in my opinion, would have been hearsay and the state would have had to bring in a custodian of records to verify the tests.
This was all brought to Mr. Smith's attention. Mr. Smith was advised he would have the right to contest the results at a hearing. I also advised him if we should have a hearing, it could result in additional time above what the state had originally asked for.
I felt that Mr. Smith was fully advised as to what he was doing. I felt Mr. Smith understood the options he had available to him and the possible outcomes of his choices. All I can do is let Mr. Smith explain to you what he felt was the problem at that time.
Smith testified to the trial court that he did not understand the severity of his case or the harshness of his sentence. Without any prompting, the attorney interrupted Smith and told the court that he had explained everything concerning the plea to Smith.
The trial court denied Smith's motion to withdraw plea, ruling that Smith knew the possible penalties based on a prior plea offer that had been made, and that Smith was simply unhappy with his sentence. The court went further, however, saying that it also based its decision on the commentary of Smith's attorney, stating, "your own lawyer basically told us he explained everything to you at that point." Smith brings this appeal asserting that he is entitled to a new hearing with conflict-free counsel.
It is well established that a criminal defendant facing incarceration has the right to counsel at each critical stage of the proceedings. See Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); Jones v. State, 827 So.2d 1086 (Fla. 1st DCA 2002); Padgett v. State, 743 So.2d 70, 72 (Fla. 4th DCA 1999). Once a conflict of interest arises between the defendant and his counsel, the preferred course to follow is for the "trial court to appoint or allow the defendant to retain independent counsel solely for the purpose of representation on the motion to withdraw the plea." See Zeiszler v. State, 765 So.2d 128 (Fla. 1st DCA 2000); Holifield v. State, 717 So.2d 69 (Fla. 1st DCA 1998), rev. denied, 729 So.2d 394 (Fla. 1999). That is to say, when a conflict between a defendant and his counsel appears in the record, the trial court is obligated to appoint conflict-free counsel to represent the defendant. See Jones v. State, 827 So.2d 1086, 1087 (Fla. 1st DCA 2002); Karg v. State, 706 So.2d 124, 125 (Fla. 1st DCA 1998).
Here, the comments of trial counsel were patently in conflict with the position of his client. The comments suggest that counsel believed he fully advised Smith of the consequences of the plea, and perhaps he did. Nonetheless, once it became clear that Smith and his attorney had taken adversarial positions concerning the advice Smith had received concerning his plea, Smith should have been afforded the opportunity to have the benefit of conflict-free counsel to present his position. As he was denied that opportunity, we reverse the order denying Smith's motion to withdraw *939 plea, and remand with instructions to conduct a new hearing, insuring that Smith is offered conflict-free counsel to represent him at the hearing.
REVERSED and REMANDED.
THOMPSON, C.J. and SAWAYA, J. concur.
NOTES
[1] At the probation hearing, the trial court asked Smith if he was under the influence of any drugs or medications that may affect his thinking. Smith answered yes, however, the trial judge did not inquire any further.