860 So.2d 452 (2003)
James BULLARD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-3227.
District Court of Appeal of Florida, First District.
August 26, 2003.
*453 Nancy A. Daniels, Public Defender and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Anne C. Conley, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's denial of his timely motion to withdraw plea filed pursuant to Florida Rule of Criminal Procedure 3.170(l). Appellant pled guilty to grand theft auto, providing false identification to a police officer, and fleeing and attempting to elude a police officer. After the trial court accepted his plea, Appellant, through counsel, filed a motion to withdraw plea. Simultaneously, counsel filed a certificate of conflict and motion to withdraw. At the hearing held on the motions, the trial court only addressed Appellant's motion to withdraw plea. The certificate of conflict and motion to withdraw was not discussed. Subsequently, at the hearing, Appellant expressly disagreed with his counsel as to what happened while counsel was advising him concerning the plea.
We take no position on the merits of Appellant's motion to withdraw his plea. However, a hearing on a motion to withdraw plea is a critical stage in criminal proceedings, and Appellant is entitled to conflict-free counsel. See Rodgers v. State, 765 So.2d 195 (Fla. 1st DCA 2000). Because it was apparent by counsel's certificate of conflict and motion to withdraw, and Appellant's express disagreement with counsel at the hearing, that counsel and Appellant had taken adversarial positions, the trial court was required to appoint conflict-free counsel to advise Appellant on his motion to withdraw plea. Jones v. State, 827 So.2d 1086, 1087 (Fla. 1st DCA 2002); see also Lester v. State, 820 So.2d 1078 (Fla. 1st DCA 2002). Accordingly, the order denying Appellant's motion to withdraw plea is reversed and the case remanded for appointment of conflict-free counsel and a new hearing on Appellant's motion.
REVERSED and REMANDED.
WOLF, C.J., BROWNING and HAWKES, JJ., concur.