855 So.2d 202 (2003)
Anthony SCIPPIO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3691.
District Court of Appeal of Florida, First District.
September 18, 2003.
Nancy A. Daniels, Public Defender and Nancy L. Showalter, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant pled guilty to sale of cocaine within 1,000 feet of a school and possession of cocaine with intent to sell within 1,000 feet of a school, and was sentenced in accordance with his agreement to serve 14 years of incarceration as a habitual offender. Appellant now alleges that the trial court erred in sentencing him as a habitual offender as to the second count, and that the trial court erred in denying his motion to withdraw his plea. We reverse.
The state concedes the first issue, and correctly so, because a habitual offender sentence on possession of a controlled substance with intent to sell is illegal. See, e.g., § 775.084(1)(a)3, Fla. Stat. (2000); Peterson v. State, 743 So.2d 1134, *203 1135 (Fla. 1st DCA 1999). Appellant is entitled to relief despite the fact that he agreed to habitualization as part of his plea. See Bover v. State, 797 So.2d 1246 (Fla.2001).
Appellant's second issue also requires reversal. Appellant had the right to conflict-free counsel to argue his motion to withdraw plea. See Lester v. State, 820 So.2d 1078 (Fla. 1st DCA 2002); Wofford v. State, 819 So.2d 891 (Fla. 1st DCA 2002). Here, it is clear from the record that Appellant had a conflict with his counsel insofar as his motion to withdraw plea was concerned; thus, the trial court erred in failing to appoint conflict-free counsel to represent Appellant. See Bullard v. State, ___ So.2d ___, 2003 WL 22002696 (Fla. 1st DCA Aug.26, 2003); Jones v. State, 827 So.2d 1086 (Fla. 1st DCA 2002).
Accordingly, we REVERSE the sentence and the order denying the motion to withdraw the plea, and REMAND for resentencing. Should the state not agree to resentencing, Appellant may withdraw his plea and the matter, including all charges filed against Appellant, shall proceed to trial. Should the state agree to resentencing, Appellant may, after appointment of conflict-free counsel, present his motion for withdrawal of plea for disposition. See Clay v. State, 750 So.2d 153 (Fla. 1st DCA 2000).
BENTON and PADOVANO, JJ., CONCUR.