873 So.2d 348 (2004)
Saul CARMONA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-229.
District Court of Appeal of Florida, Fifth District.
March 5, 2004.
James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
*349 TORPY, J.
Appellant challenges the lower court's order that denied his motion to withdraw his pleas to three of the ten counts to which he had entered pleas. Appellant contends that the trial court erred by not appointing conflict-free counsel to represent him during the hearing on his motion. The State confesses error based on our recent decision in Smith v. State, 845 So.2d 937 (Fla. 5th DCA 2003). Notwithstanding the State's confession, because we believe the parties misapprehend our decision in Smith, we affirm.
Immediately prior to the commencement of his trial, Appellant requested a continuance. Following the denial of this last-minute request, Appellant pled guilty in four separate cases to a total of ten separate counts, with the understanding that he would receive concurrent fifteen-year sentences on all cases. He signed written plea forms which provided, among other things, that he was not pressured or forced to enter the pleas. Additionally, the trial judge conducted an extensive colloquy with Appellant during which Appellant, under oath, stated that he was not under the influence of drugs or alcohol, that he fully understood the proceedings, and that he had not been pressured, forced or threatened by anyone prior to entering the pleas. Sentencing was deferred while a pre-sentence investigation was conducted.
When Appellant appeared for sentencing, his attorney advised the court that Appellant wished to withdraw his plea on three of the ten counts. Appellant's attorney stated that Appellant's decision was contrary to his advice because the court would still sentence him to fifteen years on the other seven counts whether or not the court granted Appellant's motion. The court inquired of Appellant who confirmed that this was his wish.
Thereafter, the court placed Appellant under oath and asked him to provide the basis for his request. Appellant's only stated basis was that he desired to go to trial because he was innocent of the three offenses, that he was confused when he entered his pleas, and that he "fe[lt]" his counsel had forced him to plea. No other facts were proffered in support of the motion. During the proceeding, Appellant did not request that his counsel be discharged, nor did counsel suggest the existence of a conflict requiring that he be permitted to withdraw. The trial judge denied Appellant's motion to withdraw his plea.
Appellant argues one point on appeal, that the court erred in not appointing conflict-free counsel. In support of his argument, Appellant relies on our recent decision in Smith. We disagree that Smith compels reversal.[1]
In Smith, we held that when a patent conflict of interest arises between counsel and client in a motion to withdraw proceeding, the court has a duty to offer the client conflict-free counsel. In Smith, during a hearing on a motion to withdraw the defendant's plea, counsel interrupted his client for the purpose of controverting his client's rendition of the relevant facts and interjecting his own version of the facts. We held that, under those circumstances, *350 because the conflict between counsel and client was patent, the court had a duty to intercede and offer the defendant the opportunity to seek conflict-free counsel.
In the instant case, there was no patent conflict between counsel and client. Counsel simply told the court that his client wished to withdraw his plea against the advice of counsel. The ensuing brief discourse related only to the wisdom of withdrawing the plea. Counsel never disputed any factual account by Appellant. He merely made clear that, in counsel's opinion, Appellant was acting imprudently because Appellant still would receive fifteen years on the other seven counts, plus would face additional exposure on the three counts that he wished to take to trial. Counsel was not taking a conflicting position with his client. Indeed, he was doing what ethical counsel is supposed to do under these circumstances: giving competent advice.
As to Appellant's statement that he felt forced by his lawyer to enter the plea, again no patent conflict existed. His counsel said nothing to contradict Appellant on this point, perhaps because he knew that no facts existed to support his client's conclusion, or perhaps because he knew the allegations were refuted by the record created when Appellant entered his initial plea. In any event, even assuming that a conflict did in fact exist, which seems unlikely on this record, the conflict was latent, not patent.
After hearing Appellant's stated grounds, the trial court summarily denied the request. The summary denial was correct because, first, Appellant's statement that he "felt" forced was not a sufficient allegation to support a finding of threat or coercion. Second, even if deemed sufficient, Appellant's stated ground was contrary to the facts actually witnessed by the trial judge during the plea proceeding and ensuing plea colloquy. Finally, because the plea to the three offenses was entered at the same time as the other seven to which Appellant did not take issue, Appellant's claim of coercion was inherently disingenuous.
Because the parties were apparently confused by our decision in Smith, we take this opportunity to clarify its holding. Even after Smith, the primary responsibility for alerting the court to potential conflict in situations such as this lies with counsel. It is counsel who knows, through confidential communications, the precise factual basis for a client's request to withdraw a plea. When counsel recognizes that a client's request is not based on legally sufficient evidence, counsel obviously has no duty to withdraw. When counsel becomes aware that his client's version of the facts is legally sufficient to support his client's request for relief, but that counsel's testimony would contradict his client on relevant facts, then counsel is duty-bound to ask for permission to withdraw.
Our opinion should not be read to prohibit a trial judge, when confronted with a situation where conflict might exist, albeit not patent, from inquiring generally of counsel as to whether conflict exists. It is only when conflict becomes obvious, as it did in Smith, however, that the trial judge is obligated to intervene into the attorney-client relationship to offer conflict counsel. Such was clearly not the case here.
AFFIRMED.
GRIFFIN, J., concurs.
SHARP, W., J., dissents with opinion.
SHARP, W., J., dissenting.
I respectfully dissent. I do not think that the State, in conceding error here, "misapprehended" this court's opinion in Smith v. State, 845 So.2d 937 (Fla. 5th *351 DCA 2003), and I submit that the majority opinion narrows and limits the holding of Smith in a confusing way. The majority says Smith requires that there be a "patent" rather than a "latent" conflict of interest between counsel and a defendant, or that the conflict somehow becomes "obvious" before appointment of separate counsel is required. The determination of what is "latent" and what is "patent" has created conflicting decisions and fine distinctions in the civil law area[1] to such an extent it sometimes no longer makes good sense. Its introduction into the substantive law of a defendant's constitutional right to counsel is unwise.
Carmona stated that he had been forced by his lawyer to enter into the guilty pleas, that he was innocent of three of the charges, and that he wanted to go to trial on those counts. Carmona's attorney said: "It's against my advice to do so." In my view, a conflict clearly arose because the lawyer disagreed with Carmona's efforts to withdraw from the guilty pleas, and he would also be a potential adverse witness as to the fact that he did not "pressure" his client to accept the plea bargain. Call it patent or latent; the conflict was there.
In Smith v. State, the attorney appointed to represent the defendant began testifying against his client, denying the fact basis for Smith's motion to withdraw his plea (i.e., that counsel did not sufficiently explain to him his options and alternatives). The court held that once a conflict of interest arises between defendant and his counsel, the preferred course is to appoint a different counsel for the purpose of representing the defendant on his or her motion to withdraw. In that case, the court noted the conflict was "patent." However, it did not limit this holding to "patent" conflict cases.
The Smith court cited to two other DCA cases as authority for its holding that do not mention "patent" or "latent." In Jones v. State, 827 So.2d 1086 (Fla. 1st DCA 2002), the first case relied on by Smith, the defendant claimed he was misled when entering into his plea agreement and that he did not understand the consequences of his plea. His attorney who had been representing him refused to represent him at the motion hearing because she knew she would be called by the State to testify against him. The court said it was clear at the onset of the hearing that counsel and defendant were in "adversarial positions," based on the circumstance that counsel would be expected to deny the defendant's claims she misled him or did not explain to him the consequences of his plea.
The Jones scenario is indistinguishable from the case before us. When the conflict arose at the beginning of the hearing, the defendant's right to new counsel matured. It did not matter that his counsel later refused to represent him or that she testified against him. Nor did it matter that the defendant's basis for his motion was without merit and could have been disposed of without a hearing. The court said, even in that event, the defendant was entitled to newly appointed counsel.
This argument is without merit. This court has held "assistance of counsel is among those `constitutional rights so basic to a fair trial the infraction can never be treated as harmless error'."

Jones at 1087.
In Karg v. State, 706 So.2d 124 (Fla. 1st DCA 1998), the defendant sought to withdraw *352 his plea because he claimed his attorney failed to communicate plea offers to him. Based on that alone, the court held that a conflict between the defendant and his trial counsel appeared in the record and therefore the trial court was required to appoint conflict-free counsel to represent the defendant regarding his motion to withdraw his plea. The conflict in that case, as well as in this case, arose because the defendant claimed some kind of malfeasance on the part of the attorney's representation of the defendant, which caused the defendant to accept the plea bargain. That alone was sufficient in Karg to require appointment of conflict-free counsel. It should also suffice in this case.
NOTES
[1] Appellant also relies upon four other cases, all of which are distinguishable. In Smith v. State, 835 So.2d 1259 (Fla. 2d DCA 2003) and Karg v. State, 706 So.2d 124 (Fla. 1st DCA 1998), the conflicts between attorney and client were patent. In the other two cases, the court simply treated the defendants as appearing pro se. Brown v. State, 835 So.2d 402 (Fla. 2d DCA 2003) (defendant moved to discharge counsel); Jones v. State, 827 So.2d 1086 (Fla. 1st DCA 2002), (counsel informed court he could not represent defendant because of a conflict).
[1] Independent Mortg. and Finance, Inc. v. Deater, 814 So.2d 1224 (Fla. 3d DCA 2002); Emergency Associates of Tampa, P.A. v. Sassano, 664 So.2d 1000, 1003 n. 4 (Fla. 2d DCA 1995); Bajrangi v. Magnethel Enterprises, Inc., 589 So.2d 416, 419 n. 5 (Fla. 5th DCA 1991).