DAVIS, Judge.
Robert W. Cooper, Jr., challenges the trial court’s denial of his motion to withdraw plea. Cooper had pleaded no contest to two counts of child abuse in exchange for a sentence of twelve months’ community control to be followed by forty-eight months’ probation. The public defender who represented Cooper at the plea hearing subsequently prepared and filed on Cooper’s behalf a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(£), alleging that Cooper’s plea had “been involuntarily entered because he was misadvised, given incorrect information or not fully informed by his attorney” and because Cooper was suffering from a physical illness at the time he entered the plea. We reverse.
Cooper included in his motion to withdraw plea a request for conflict-free counsel. Additionally, his counsel informed the trial court of that request at the beginning of the hearing on the motion to withdraw plea, but the court failed to address the request and rather proceeded to question first Cooper and then his counsel regarding the circumstances surrounding the entry of Cooper’s no contest plea. The transcript of the hearing makes it clear that counsel and Cooper adopted adversarial positions regarding what happened while counsel was advising Cooper concerning the plea. The trial court then denied Cooper’s motion, calling into question Cooper’s credibility. Cooper now appeals that denial.
First, we note that it was error for the trial court to fail to address the request for conflict-free counsel before addressing the substantive issues raised by Cooper’s motion to withdraw plea. That error was further compounded by the fact that the trial court also failed to consider the request once it became clear that Cooper and his counsel were giving conflicting reports of what happened on the day the plea was entered. “Once it became clear that [appellant] and his counsel had adversarial positions concerning what actually happened while counsel was advising [appellant] concerning the plea, [appellant] was entitled to conflict-free counsel. The denial of the constitutional right to assistance of counsel can never be treated as harmless error.” Garcia v. State, 846 So.2d 660, 661 (Fla. 2d DCA 2003) (citations omitted); see also Jones v. State, 827 So.2d 1086, 1087 (Fla. 1st DCA 2002) (“At a hearing on a motion to withdraw plea, once it becomes clear a defendant and his counsel have taken adversarial positions concerning what actually happened while counsel was advising his client concerning the plea, the defendant is entitled to conflict-free counsel.” (internal quotation marks omitted)).
Because Cooper was denied conflict-free counsel at a critical stage of the proceedings, see Daniel v. State, 865 So.2d 661 (Fla. 2d DCA 2004) (noting that a hearing on a motion to withdraw plea is a critical stage of the proceedings), we reverse and remand for an evidentiary hearing at which Cooper must be represented by conflict-free counsel.
Reversed.
VILLANTI, J., and SCHOONOVER, JACK R., Senior Judge, Concur.