990 So.2d 1197 (2008)
Travis ROUSE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-128.
District Court of Appeal of Florida, Fifth District.
September 19, 2008.
*1198 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Travis Rouse appeals from his conviction and sentence on the charge of grand theft of an automobile. He argues that the trial court erred by failing to appoint conflict-free counsel in connection with his motion to withdraw his plea prior to sentencing and, instead, summarily denying the motion. We agree, and reverse.
Rouse pled guilty in an open plea to the court to the single charge of grand theft auto alleged in the information. Prior to sentencing, Rouse's appointed lawyer filed a motion to withdraw the plea on Rouse's behalf. The motion alleges that the lawyer failed to fully inform Rouse on the law applicable to his case prior to entry of the plea. When the matter was brought to the court's attention, the attorney stated that he filed the motion at Rouse's direction, but would not comment further on Rouse's alleged basis for withdrawing the plea. Rouse then explained that the lawyer pressured him into entering the plea without explaining the law to him, and that he had later learned that he had a valid defense to the charge. The lawyer informed the court that given Rouse's allegation he would have "a conflict, I wouldn't be able to represent him any further on this." The trial court agreed that the current lawyer could not represent Rouse in connection with the motion to withdraw plea, because of the conflict created by Rouse's allegations, but informed Rouse that he would need to handle any allegations of ineffective assistance of counsel by postconviction motion. The judge then simply denied the motion to withdraw plea without appointing conflict-free counsel and without affording Rouse a hearing on the motion. The matter proceeded to sentencing.
"[W]hen a patent conflict of interest arises between counsel and client in a motion to withdraw proceeding, the court has a duty to offer the client conflict-free counsel." Carmona v. State, 873 So.2d 348, 349 (Fla. 5th DCA 2004); see also, Smith v. State, 845 So.2d 937, 938 (Fla. 5th DCA 2003) (recognizing when a conflict of interest between a defendant and his counsel "appears in the record, the trial court is obligated to appoint conflict-free counsel to represent the defendant"). Given Rouse's allegations, we find that the trial court erred by failing to appoint conflict-free counsel, and by summarily denying Rouse's motion without appointing a lawyer to aid Rouse in presenting evidence and argument in support of the motion. Id. Therefore, we reverse Rouse's conviction and sentence. We remand for the appointment of conflict-free counsel, and for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PALMER, C.J., and GRIFFIN, J., concur.