GRIFFIN, J.
Appellant, Tharin Harvey [“Harvey”], appeals the judgments and sentences imposed after he entered a plea of no contest to violation of probation, felony driving while license suspended (habitual) and giving a false name or identification, pursuant to a plea agreement.
Prior to the start of the sentencing hearing, Harvey’s counsel informed the court that Harvey wished to withdraw his plea and asked the court to appoint conflict-free counsel. The following exchange took *1267 place between Harvey’s lawyer and the court:
Defense Counsel: [Harvey] contacted me and I spoke to him as of yesterday and he’s informed me that he’d like to pursue withdrawing his plea.
The Court: Okay.
Defense Counsel: He believes there’s certain issues that he’d like to pursue as far as withdrawing his plea and—
The Court: Okay.
Defense Counsel: — obviously, I’m not in a situation to pursue those issues. I informed [Harvey] that would just put him back to square one facing the charges.
The Court: Does he have any idea about what possible grounds he would have for withdrawing his plea?
Defense Counsel: Your Honor, I — I don’t know that there are any grounds. Obviously, the problem is I’m a bit limited in my ability to counsel — or, I’m not — I’m limited in my ability to counsel [Harvey] on that.
The Court: Well, I — I don’t know what you’re asking me to do.
Defense Counsel: Your Honor, I’m asking the Court to appoint the conflict free counsel so that [Harvey] can speak to them regarding his options regarding trying to withdraw his plea. I’ve informed [Harvey] of that—
The Court: That just doesn’t make any sense to me. That would mean that any time anybody wants to enter a plea and they come to sentencing and get cold feet, they just say: Well, I want the Government to pay — pay me — pay for another lawyer to give me legal advice so that I can file a Motion that probably has no merit; why would I do that?
Defense Counsel: Your Honor, I — I just — It’s my understanding that it’s [sic] current case law that when somebody has that issue that we — we need to get them counsel.
[[Image here]]
The trial court reiterated that Harvey had sworn at the plea hearing that he understood the plea agreement and that he wished to enter the plea. Accordingly, the trial court denied the request for conflict-free counsel and sentenced Harvey.
We understand the trial court’s frustration at the probable waste and futility that the appointment of conflict-free counsel entails in a case such as this. Nevertheless, when a defendant seeks to withdraw his plea prior to sentencing, based on dissatisfaction with counsel’s representation, and counsel agrees that he cannot effectively advise the defendant, there is a conflict and appointment of conflict-free counsel is necessary. See Rouse v. State, 990 So.2d 1197 (Fla. 5th DCA 2008).
REVERSED and REMANDED.
PALMER, C.J. and SAWAYA, J., concur.