NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SCOTT ALLEN GALARZA,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No.   2D13-3516
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed November 14, 2014.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Howard L. Dimmig, II, Public Defender,
and Maggie Jo Hilliard, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

            Scott Galarza appeals from the trial court's summary denial of his motion

to withdraw plea.  He argues that the court erred in ruling on the motion in his absence

and without appointing conflict-free counsel to represent him during a full evidentiary

hearing.  We reverse and remand for further proceedings.

After Galarza admitted violating one of the conditions of his community control, the trial court accepted Galarza's admission, revoked his community control, and sentenced him to five years in prison.  Galarza filed a pro se motion to withdraw his plea and for new counsel claiming that his trial counsel misled him to believe that he would receive only county jail time if he entered an open admission to violating his community control.  The trial court denied the motion in Galarza's absence without a hearing.

Galarza filed his motion to withdraw plea under Florida Rule of Criminal Procedure 3.170(*l*), which allows a defendant who has admitted a violation of community control to withdraw his admission on certain specified grounds.  See Sheppard v. State, 17 So. 3d 275 (Fla. 2009) (applying rule 3.170(*l*) to a motion to withdraw the defendant's admission to violating his community control).  Allegations of mistaken advice by counsel concerning the length of a defendant's sentence may be a basis for allowing the defendant to withdraw his plea. Iaconetti v. State, 869 So. 2d 695, 699 (Fla. 2d DCA 2004).  Once a defendant files a facially sufficient motion alleging an adversarial relationship, the trial court must appoint conflict-free counsel, unless the record conclusively refutes the defendant's allegations.  Sheppard, 17 So. 3d at 287.  Further, "[a] motion to withdraw plea is a critical stage of the proceedings at which a defendant is entitled to be present and to have counsel represent him." Krautheim v. State, 38 So. 3d 802, 804 (Fla. 2d DCA 2010) (citing Garcia v. State, 846 So. 2d 660, 661 (Fla. 2d DCA 2003)).

Galarza's allegation that he was led by defense counsel to believe he would receive only jail time by pleading open to the court must be taken as true since

the allegation is not refuted by the record.  See id. at 805.  The fact that Galarza was advised in his original plea colloquy of the maximum and minimum penalties he faced was not determinative of his understanding of his possible sentence upon violation of his community control.  See id. (noting that, although the record showed the defendant was advised during the plea colloquy of the maximum possible penalties he could receive if he violated his probation, the record did not show what discussions defense counsel had with the defendant before the defendant entered his admission to violating his probation).

Accordingly, we reverse the order denying Galarza's motion to withdraw plea and we remand for an evidentiary hearing on the motion at which Galarza shall be entitled to be present and represented by conflict-free counsel.

Reversed.


SILBERMAN and BLACK, JJ., Concur.