NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEBRA LEE ANGELES,
DOC #Y07155,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

_____

Case No. 2D18-1870

Opinion filed September 20, 2019.

Appeal from the Circuit Court for Charlotte
County; Donald H. Mason, Judge.

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowitz, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and C. Todd Chapman,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

        Debra Lee Angeles seeks review of her judgments and sentences in four

separate cases for various drug charges. Angeles entered an open plea to the charges

and was sentenced to thirty years in prison with various stacked mandatory minimums.

Defense counsel filed a motion to withdraw plea after sentencing which the court denied

without appointing conflict-free counsel or hearing argument from Angeles. Because the motion was facially sufficient and established an adversarial relationship with counsel, this was error.

Florida Rule of Criminal Procedure 3.170(*l*) provides for the withdrawal of a plea after sentencing "only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law." Rule 9.140(b)(2)(A)(ii)(c) provides for withdrawal when a plea is involuntary. The defendant bears the burden of proving that a manifest injustice occurred which compels withdrawal of the plea. Griffin v. State, 114 So. 3d 890, 897 (Fla. 2013).

A defendant is entitled to be represented by counsel at a hearing on a motion to withdraw plea because it is a critical stage of proceedings. Galarza v. State, 150 So. 3d 1209, 1211 (Fla. 2d DCA 2014). When a defendant files a facially sufficient motion setting forth an adversarial relationship with counsel, the court is required to appoint conflict-free counsel unless the record conclusively refutes the motion's allegations. Id.

In this case, defense counsel filed a motion to withdraw plea containing the following two allegations:

> (1) Client has indicted [sic] that her plea was entered unknowingly and involuntarily.
> (2) Conflict free counsel will need to be assigned for hearing.

At the hearing on the motion, counsel informed the court that he received a letter from Angeles stating that she wanted to appeal. Counsel visited with Angeles at jail and told her there was no legal basis for an appeal. During the conversation he realized that Angeles thought he had performed deficiently and might want to withdraw

her plea on this basis. Counsel told the court that Angeles "would probably need a conflict free counsel" to pursue the motion on the basis that the plea was unknowing and involuntary due to counsel's failure to provide sufficient information.

Counsel said he thought the motion was facially sufficient and he did not know if Angeles would want to make an argument without conflict-free counsel. The court responded, "I won't hear argument. I'll hear argument from counsel this morning, but I haven't heard really any argument." The court noted that the rules required that the defendant establish a manifest injustice and summarily concluded that counsel had not made such a showing.

Counsel explained that it would be awkward for him to argue his own ineffectiveness and again suggested that the court appoint conflict-free counsel. Counsel said it would be easier for Angeles to speak candidly about his ineffective assistance with conflict-free counsel. Counsel did not believe he could effectively argue against himself.

The court replied as follows:

> If you could show somewhere during the plea colloquy where there was hesitation to enter the plea, if there was an ineffective plea colloquy given in this case that would be grounds for appeal, but there has been no manifest injustice demonstrated at this point.
> I remember the case. I remember her coming before me. I remember the colloquy being given. I found that she had freely, voluntarily, and intelligently entered a plea. She was specifically asked if she was happy with Mr. Clough's performance, and at that time she said yes. This is a classic case of buyer's remorse. I'm not happy with the sentence I received so now I want to withdraw my plea.
> There's no manifest injustice or prejudice shown at this point so the Court is required by law to deny the motion to withdraw a plea, sets you up for an appeal, and---

- 3 -

The allegations in Angeles' motion that the plea was entered unknowingly and involuntarily present proper bases to challenge the plea under rule 3.170(*l*). See Fla. R. App. P. 9.140(b)(2)(A)(ii)(c). Counsel's assertion that the plea was unknowing and involuntary due to counsel's failure to provide sufficient information set forth a facially sufficient claim. See Rouse v. State, 990 So. 2d 1197, 1198 (Fla. 5th DCA 2008); Smith v. State, 845 So. 2d 937, 938 (Fla. 5th DCA 2003).

The allegations that counsel performed deficiently in failing to properly advise Angeles during the plea process also established an adversarial relationship such that she was entitled to the appointment of conflict-free counsel. See J.D.F. v. State, 870 So. 2d 86, 86-87 (Fla. 2d DCA 2003). In fact, it was clear there was an adversarial relationship based on counsel's multiple requests for the appointment of conflict-free counsel and assertions that he could not effectively argue his own ineffectiveness. See Krautheim v. State, 38 So. 3d 802, 805 (Fla. 2d DCA 2010); Jones v. State, 827 So. 2d 1086, 1087 (Fla. 1st DCA 2002).

However, instead of appointing conflict-free counsel, the court immediately considered Angeles' motion on the merits without any input from Angeles. This was error. See J.D.F., 870 So. 2d at 87. Thus, we reverse the order denying Angeles' motion to withdraw plea and remand for reconsideration after the appointment of conflict-free counsel.

Reversed and remanded.

VILLANTI and SLEET, JJ., Concur.

- 4 -