DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DOMINICK R. WALKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-349

[April 5, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 562019CF000804A.

Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti III, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Defendant moved to withdraw his plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(*l*), claiming that his counsel was ineffective for withdrawing a motion to suppress, which led to defendant's plea. The trial court summarily denied defendant's motion without a hearing, finding that defendant's plea was voluntary. Defendant appeals, arguing that the trial court was required to appoint conflict-free counsel to assist him in preparing his rule 3.170(*l*) motion. We agree.

"A motion to withdraw plea is considered a critical stage of a criminal proceeding, and thus a defendant is entitled to counsel." *Stephens v. State*, 141 So. 3d 701, 702 (Fla. 4th DCA 2014). "If it becomes apparent during a hearing on a motion to withdraw that counsel and the client are taking opposing and thus adversarial positions, it is incumbent on the court to provide the defendant with conflict-free counsel." *Tommie v. State*, 945 So. 2d 633, 635 (Fla. 4th DCA 2006). "[T]he trial court is not required to appoint conflict-free counsel unless both an adversary relationship exists and the defendant's allegations are not conclusively refuted by the

record." *Nelfrard v. State*, 34 So. 3d 221, 223 (Fla. 4th DCA 2010) (emphasis omitted).

In this case, where defendant asserted ineffective assistance of counsel, defendant was asserting an adversarial relationship between him and counsel. *See Newsome v. State*, 877 So. 2d 938, 940 (Fla. 2d DCA 2004). It is evident from the transcript that defendant and counsel continued to have conflicting positions with respect to the merits of defendant's motion to suppress, constituting an adversarial relationship. Further, defendant's allegation that he did not commit a traffic violation entitling the officers to stop him is not conclusively refuted by the record. Defendant's motion to suppress was not discussed during the plea colloquy, and the record does not deny or refute his allegation that he did not commit a traffic violation.

Because the motion to withdraw is a critical stage of the proceedings, defendant is entitled to the assistance of conflict-free counsel in drafting a new motion to withdraw. Thus, we reverse and remand for the limited purpose of the trial court appointing conflict-free counsel to assist defendant in preparing a new motion to withdraw plea. *See Rose v. State*, 199 So. 3d 525, 526 (Fla. 4th DCA 2016). This opinion is without comment on the merits of defendant's motion to withdraw or defendant's motion to suppress.

*Reversed and remanded with instructions.*

WARNER and GERBER, JJ., concur.

\*   \*   \*

**Not final until disposition of timely filed motion for rehearing.**